UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
BIRMINGHAM ALABAMA



Kester Obomighie
        Petitioner,
  VS.

*Eric H. HOLDER*, Attorney General
of the United States of America

        Respondents.

**PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT
TO 28 U.S.C. §2241**

**CASE NO:**

CV-11-AR-3978-M-**RRA**

    Petitioner, Kester Obomighie, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

### PARTIES

    1.) Petitioner Kester Obomighie was lawful permanent resident of the United States, and a native and citizen of Nigeria. He was ordered deported on November 8, 2004 and was taken into ICE custody on or about October 2009. He has been detained by the Bureau of Immigration and Customs Enforcement (ICE) for over six months.

    2.) Respondent *Eric H. Holder* is the Attorney General of the United States and is responsible for the administration of

ICE and the implementation and enforcement of the Immigration laws. As such, he is the ultimate legal custodian of the Petitioner.

3.) Respondent *Philip T. Miller* is the Interim Field Office Director for Detention and Removal, Etowah County Detention Center, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

4.) Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

5.) Respondent Chief Scott Hassell is the Facility Warden of the Etowah County Detention Center Detention Facility in Gadsden, Alabama, where Petitioner is detained and he has immediate custody of the Petitioner.

## CUSTODY

6.) Petitioner is detained at the Etowah County Detention Facility at 827 Forrest Avenue where immigrant detainees are held. Petitioner is under the direct control of Respondents and all their agents.

## JURISDICTION

7.) This action arises under the Constitution of the United States, and the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq.*, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* This Court has jurisdiction under 28 U.S.C. § 2241, Art. I § 9, Cl. 2 of the United States Constitution (Suspension Clause), and 28 U.S.C. § 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See **Zadvydas v. Davis**, 533 U.S. 678, 121 S. Ct. 2491 (2001).

## *VENUE*

8.) Venue lies in the Northern District of Alabama because Petitioner is currently detained at the Etowah County Detention Center. Venue in the Northern District of Alabama is also proper because Petitioner is in the custody of Respondent *Philips* T. Miller Interim Field Office Director of Etowah County Detention, which encompasses the area where Petitioner is detained. 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

9.) Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in **Zadvydas**, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R. §241.4. Petitioner was ordered deported on November 8 2004. and was taken into ICE custody On or about October 2009. At his "90-day" custody review On or about January 2009,ICE decided to continue his detention. In a decision dated On or about March 2010 Ice's Headquarters Post-Order Detention unit (HQPODU) informed Petitioner that it would continue to keep him in custody. The custody review regulations do not provide for appeal from a HQPODU custody review decision. See 8 C.F.R. §241.4(d).

10. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

## STATEMENT OF FACTS

A.  *Background*

11.) Petitioner, Kester Obomighie, was born in Nigeria on July 29 1966. **Petitioner came to United States on or September 1985 as a lawful permanent resident to escape the violence of the Niger Delta Reformer Youths in Nigeria and Petitioner lived in United States with his family and his daughter who are all**

**United States Citizen who he support financially.**

12.) On November 8 2004, an immigration judge entered an administrative order to have Petitioner removed from the United States to Nigeria. And the petitioner did not appeal Board decision.

13.) Petitioner was ordered removed because of the Petitioner conviction.

14.) Petitioner was released from Detention of Correctional Services into ICE custody on or about October 2009 where he is detained at the Etowah County Detention Facility. He has cooperated fully with all efforts by ICE to expedite his removal from the United States to Nigeria. Although Petitioner's order of removal became final On or about October, 2009. and the removal period began On or about January 2010  Petitioner has yet to receive any travel documents from the Nigeria consulate.

15.) Petitioner has been in detention longer than six months after receiving a final removal order and ICE has been unable to carry out his removal. Petitioner's consulate has not issued travel documents and there is no certainty as to when, if ever, such papers will be issued. Thus, Petitioner's removal from the United States is not likely to occur within the reasonable foreseeable future. See **Habtegaber v. Jenifer**, 256 F. Supp. 2d 692, 697-98 (E. D. Mich. 2003) (Ethiopian national ordered released after 7 months detention where neither Ethiopia

nor Eritera responded to INS's request for travel documents); **Okwilago v. Immigration & Naturalization Service**, No. 3-01-CV-1416-BD, 2002 WL 356758, *3 (N.D. Tex. Mar. 1, 2002) (alien from Nigeria in custody for 11 months ordered released under **Zadvydas** because INS did not have travel documents in hand and there was no certainty as to when such documents might be issued); see also **Lewis v. Immigration & Naturalization Service**, No. 00CV0758 (SJ), 2002 WL 1150158, *4-5 (E.D.N.Y. May 7, 2002) (alien from Barbados provide "good reason to believe removal not likely to occur in the reasonable foreseeable future where consulate had not responded to INS requests for travel documents and alien had been detained longer than six months).

16. In **Zadvydas v. Davis**, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal, *id*. at 702. Interim administrative regulations also recognize that the HQPDU has a six-month period for determining where there is a significant likelihood of an alien's removal in the reasonable foreseeable future, 8 C.F.R. §241.13(b)(2)(ii).

17. Petitioner's order of removal became final on January 2010. Petitioner has been in ICE custody since October 2009. Therefore, the presumptively reasonable removal period of six months for Petitioner ended on April 2010.

## LEGAL BACKGROUND

18. Section 236(c) of the Immigration and Nationality Act, as amended, provides that "the attorney General shall take into custody any alien who" is removable from this country because he has been convicted of one of a specified set of crimes. The statute requires the Department of Homeland Security to take into custody any alien who "is deportable" from the United States based on having been convicted of any of a wide range of crimes.

19. Petitioner was convicted of Credit card fraud and assault in the second degree. Even though the crimes were aggravated felonies/ CITM's, it is respectfully submitted that INA §236(c) and other mandatory detention statutes are deemed unconstitutional by a majority of courts. See **Hoang v. Comfort**, 282 F. 3d 1247 (10th Cir. 2002); **Patel v. Zemski**, 275 F. 3d 299 (3d Cir. 2001).

20. While it is established that inadmissible aliens or those subject to exclusion orders do not enjoy due process rights under the Fifth Amendment of the United States Constitution, several district courts have affirmed that courts have the power and responsibility to review the government's exercise of detention in cases involving inadmissible aliens. See **Zadvydas v. Davis**, 121 S. Ct. 2491, 2501 (2001) ("Aliens who have once passed through our gates, even illegally, may be

expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law," quoting **Shaughnessy v. United States ex rel Mezei**, 345 U. S. 206, 212 (1953)). See also **Clark v. Martinez**, 125 S. Ct. 716, 160 L. Ed. 29 734, 73 ULLW 4100 (U.S. 2005).

21. Although Petitioner is subject to a final order of removal and his detention is permissible based upon this final order of removal, it has exceeded the reasonable limits of the government's authority. See **Zadvydas**, 533 U. S. 678; **Rosales-Garcia v. Holland**, 238 F. 3d 704, 725 (6th Cir. 2003). The Supreme Court's decision in **Zadvydas** that removable and excludable aliens are situated differently before an order of removal is entered. The Court went on to hold that both removable and inadmissible aliens are entitled to be free from detention that is arbitrary and capricious. The Court stated that six months was the maximum period of post order detention that was presumptively reasonable given the alien's fundamental liberty interest, **Zadvydas**, 533 U. S. at 692.

22. The Court in **Patel v. Zemski**, 275 F. 3d 299 (3d Cir. 2001) also stated that under **Zadvydas** immigration detention implicates a fundamental liberty interest and that the INS is limited to a "period reasonably necessary to bring about the alien's removal generally no more than six month," *id* at 209 citing **Zadvydas**, 533 U. S. at 692. Additionally, the Code of

Federal Regulations recognizes that the Service's Headquarters Post-Order Detention Unit (HQPODU) must make a determination within a six month period as to whether there is a significant likelihood that the alien can be removed from the United States in the reasonably foreseeable future. See 8 C.F.R. §241.13(b)(2)(ii). Presumptive reasonable time established by the Supreme Court. Such prolonged detention is arbitrary and capricious since Petitioner's removal to Nigeria is not likely to occur in the reasonable foreseeable future.

23. Prior to the Supreme Court's decision in **Zadvydas**, courts in the third circuit determined that aliens are not subject to prolonged post-oder detention. See **Chi Thon Ngo v. INS**, 192 F. 3d 390 (3rd Cir. 1999) ("Stakes are high and we emphasize that grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for aliens"). In **Chi Thon Ngo**, the court found that the statue satisfied due process because it provided for "searching periodic reviews" of the basis for detention but granted the petitioner's writ of habeas corpus since he had not received the "rigorous reviews of his eligibility for parole that due process requires," *id* at 399.

24. Following **Zadvydas**, the Attorney General promulgated regulations establishing a process for determining the custody of aliens subject to prolonged detention awaiting execution of a

removal order, see 8 C.F.R. §241.13, which applies to aliens such as Petitioner "who are subject to a final order of removal and are detained under the custody review procedures provided at section §241.4 after the expiration or removal period. "Section 241.13 tracks **Zadvydas**'s mandate in that it requires a deportable alien to first establish a basis that removal in the 'reasonably foreseeable future' is not possible," **Jabir v. Ashcroft**, No. CIV.A.03-2480, 2004 WL 60318, at 85 (E.D. La. Jan. 8, 2004).

25. A non-citizen who is detained may trigger HQPODU review of whether there is a significant likelihood of removal in the reasonably foreseeable future by written request, 8 C.F.R. §241.13(d). The HQPODU must respond to such a request within ten business days, acknowledge the request, and explain the process that will be followed to consider the request, 8 C.F.R. §241.13(e)(1). The HQPODU must assess the detainee's cooperation with removal efforts in addition to factors such as the history of ICE's "efforts to remove aliens to the country in question of third countries, . . . the ongoing nature of efforts to remove this alien, . . . the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects of removal of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory," 8 C.F.R. §241.13(f). According to the

regulations, while "there is no presumptive period of time within which the alien's removal must be accomplished, . . . the prospects of the timeliness of removal must be reasonable under the circumstances," 8 C.F.R. §241.13(g). If HQPODU determines that there is no significant likelihood that the alien will be removed in the reasonable foreseeable future, the alien is to be released, upon appropriate conditions, unless "special circumstances" exist, 8 C.F.R. §241.13(g)(1).

26. Special circumstances allowing the continued detention of non-citizen who are subject to removal but unlikely to be removed in the reasonably foreseeable future include those who pose a special safety risk to the public, in the sense that they carry contagious diseases, 8 C.F.R. §241.14(b); pose serious adverse foreign policy consequences, 8 C.F.R. §241.14(c); are being detained because of anti-terrorism concerns, 8 C.F.R. §241.14(d); or have been determined to be "specially dangerous," either because of the alien's criminal record or by virtue of mental illness, 8 C.F.R. §241.14(f).

27. In the instant case, Petitioner had not received a "searching periodic review" of his custody status. ICE has never asserted that special circumstances exist to justify Petitioner's prolonged detention, or that Petitioner poses a danger to national security or that he's a flight risk. Thus, Petitioner alleges that his detention violates both substantive

and procedural due process insofar as ICE has failed to conduct a periodic review of his status in accordance with its own procedures and has made no determination that he posed either a danger to society or a flight risk.

28. This Court should grant Petitioner's writ of habeas corpus because the government has failed to acknowledge its compliance with all of the obligations of his detention or provide another valid reason for his continued detention, and his unjustly prolonged detention deprives Petitioner of his liberty, see **Chi Thon Ngo**, 192 F. 3d at 393. There is no justifiable reason for his continued detention. Since Petitioner's detention has continued beyond the six-month post removal order period, his continued detention should be deemed an unlawful deprivation of his liberty, see **Zadvydas**, 522 U. S. 678.

29. Petitioner further contends that his prolonged detention without the possibility of bond violates the United States Constitution. Petitioner respectfully requests that this honorable court consider as persuasive authority the decision of the United States Court of Appeals for the Third Circuit with respect to the application of the time limiting provision of 8 U.S. C. §1226 as preventing the prolonged detention of inadmissible or excludable aliens, see **Patel v. Zemski**, 275 F. 3d 299 (3d Cir. 2001) (holding that mandatory detention of

aliens after they have been found subject to removal violates their due process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community); **Chi Thon Nog v. INS**, 192 F. 3d 390, 398 (3d Cir. 1999) (same).

## FIRST CLAIM FOR RELIEF

30. Petitioner re-alleges and incorporates by reference paragraphs 1 through 29 as is set forth fully herein.

31. The government is illegally detaining Petitioner because he has been in custody for over six months and more than 25 Months he has been detained and he will not be able to be removed to Nigeria in the reasonably foreseeable future.

32. Petitioner's continued detention by Respondent is unlawful and contravenes 8 U. S. C. §1231(a)(6) as interpreted by the Supreme Court in **Zadvydas**. The six-month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed and he continues to languish in detention. Petitioner's removal to Nigeria or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in **Zadvydas** that the ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

33. Petitioner requests that the government show cause why his continued detention is justified.

## SECOND CLAIM FOR RELIEF

34. Petitioner re-alleges and incorporates by reference paragraphs 1 through 33 above as set forth herein.

35. Petitioner alleges that in light of the equities in this case, his prolonged detention more than six months violates his right to substantive due process under the Fifth Amendment of the United States Constitution.

36. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify his indefinite detention. **Zadvydas** recognized that ICE might continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six-months. Petitioner has already been detained in excess of six months and his removal is not significantly likely to occur in the reasonably foreseeable future.

## THIRD CLAIM FOR RELIEF

37. Petitioner re-alleges and incorporates by reference

each and every allegation contained in paragraphs 1 through 36 as set forth fully herein.

38. Petitioner alleges that in light of the equities in this case, his prolonged detention more than six months without a meaningful review of his detention in accordance with federal regulations violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner prays that this Honorable Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Issue an order requiring respondents to promptly release Petitioner because there is no likelihood that he will be removed to Nigeria in the reasonably foreseeable future;

3) Order the Attorney General and his agents not to remove Petitioner from the jurisdiction of this Court during the duration of the consideration of this petition.

4) Grant any other and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct. Respectfully submitted this date on November 21 2011.

*Kester Obomighie* (signature)

Kester Obomighie
Pro-se Litigant
Etowah County Detention
827 Forrest Avenue
Gadsden, AL. 35901

## CERTIFICATE OF SERVICE

I Kester Obomighie (Pro se) Certify that I have served a copy of the attached documents on the United States Attorney via Priority Mail by giving it to the postal staff member by depositing it in an Institutional official postal service receptacle with the priority envelope addressed to

TO CLERK:

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA