FILED
2012 Jan-10 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

MIDDLE DIVISION

| | |
|---|---|
| Kester OBOMIGHIE, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>ERIC HOLDER, Attorney General, et al., )<br>)<br>Respondents ) | 4:11-cv-3978 |

## DECLARATION

I, Gerald Smith, declare under penalty of perjury the following:

1. I am the Assistant Field Office Director of the U.S. Immigration and Customs Enforcement (ICE) facility at Gadsden, Alabama. As such, I have supervisory authority over all ICE activities in Gadsden. I make this declaration based upon review of the alien registration file relating to Kester OBOMIGHIE (A 029 697 189).

2. Petitioner a native and citizen of Nigeria last entered the United States on or about September 21, 1985 as a nonimmigrant visitor at or near New York. With authorization to remain until March 20, 1986.

3. On June 12, 1991 OBOMIGHIE was accorded Lawful Permanent Resident status as a conditional resident alien bases upon his marriage to a United States citizen.

4. On May 20, 1993, Petitioner was convicted in the United States District Court of Maryland for Fraud and Related Activity in connection With Access Devices and sentenced to a term of 4 months confinement and placed on supervised probation for a term of 2 years.

5. On December 8, 1993, subject's Form I-751, Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status was denied.

6. On June 15, 1994, Petitioner was convicted in the District Court of Baltimore Maryland for Domestic Violence assault and sentenced to a term of 60 days confinement and placed on supervised probation for a term of 18 months.

7. On June 21, 1994, the conditional permanent residence granted to OBOMIGHIE was terminated. Petitioner was issued an Order to Show Cause and placed in removal proceedings to appear before the Immigration Judge at Baltimore, MD.

8. On May 6, 1996, Petitioner failed to appear before the Immigration Judge and was ordered removed to his native country of Nigeria.

9. On June 04, 1997, a Motion to Re-open was granted by an Immigration Judge due to an incorrect address on file with Immigration causing the notice to be mailed to the address.

10. On February 24, 1998, Petitioner was ordered removed by the Immigration Judge at Baltimore, Md.

11. On March 24, 1998, Petitioner appealed his case to the Board of Immigration Appeals.

12. On December 29, 1998, The Board of Immigration Appeals remanded the case back to the Immigration Judge at Baltimore, Md.

13. On November 8, 2004, the petitioner failed to appear before the Immigration Judge at Baltimore. Md. And was ordered removed.

14. On October 26, 2009, Petitioner was located at the Baltimore County Detention Center after having been arrested for possession of a controlled substance and completing a 6 months sentence. Petitioner was transported to the Baltimore Field Office, processed, and then detained in ICE custody at the Howard County Detention Center.

15. On July 12, 2010, a request for a travel document was made to the Embassy of Nigeria at Washington, DC.

16. On December 13, 2010, Petitioner was afforded a post order custody review by the Baltimore Field Office.

17. On December 15, 2010, petitioner was served notice of continued detention.

18. On February 1, 2011, a travel document was issued by the consulate General of Nigeria.

19. On February 8, 2011, Petitioner physically refused to board the aircraft at Dulles International Airport and submit to removal as ordered by the Immigration Judge.

20. On February 18, 2011, petitioner was served with a notice of Failure to Comply.

21. On April 28, 2011, Petitioner filed a Motion to Re-open with the Board of Immigration Appeals.

22. On July 19, 2011, the petitioners Motion to re-open was denied by the Board of Immigration Appeals.

23. On June 8, 2011, Petitioner was served a notice of Failure to Comply and placed on a list for removal on the next available charter flight.

24. On June 16, 2011, Petitioner was transferred to the New Orleans Filed Office and detained at the Etowah County Detention Center.

25. On August 17, 2011, petitioner filed a Motion to Re-open with a request for a stay of removal with the Board of Immigration Appeals.

26. On October 9, 2011, a request to renew the previously issued travel document was submitted to the Consulate General of Nigeria at Atlanta Georgia.

27. On October 26, 2011, ICE contacted the Embassy of Nigeria seeking information regarding the status of its request for a travel document for the Petitioner.

28. On November 2, 2011, ICE contacted the Embassy of Nigeria seeking information regarding the status of its request for a travel document for the Petitioner.

29. On November 21, 2011, the Board of Immigration Appeal's denied Petitioner's Motion to Re-open and deemed the Motion for a Stay moot.

30. On November 28, 2011, ICE contacted the Embassy of Nigeria seeking information regarding the status of its request for a travel document for the Petitioner.

31. On December 5, 2011, ICE presented the Petitioners case in person to the Consulate General of Nigeria at Atlanta, Georgia.

32. On December 6, 2011, ICE presented the Petitioner's case to the Embassy of Nigeria at Washington, DC.

33. The Government of Nigeria has not declined to issue a travel document in the Petitioner's case. The Government of Nigeria has issued travel documents in the past, and there is no reason to believe that the Government of Nigeria will not issue a travel document in this matter. Based upon this officer's experience and expertise, I believe that ICE will secure a travel document for the Petitioner from the Government of Nigeria in the reasonably foreseeable future.

I hereby declare under penalty of perjury that the above statements are true and correct to the best of my knowledge and belief.

_January 03, 2012_
Date

_Gerald Smith_
Gerald Smith
Assistant Field Office Director
Department of Homeland Security
U.S. ICE
Homewood, Alabama