FILED
2012 JAN 30 P 12:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

Kester Obomighie

        Petitioner

V.                        **CASE NO: 11-CV 3978-WMA-RRA**

Attorney General

        Respondent

**TO: HONORABLE JUDGE ROBERT R. ARMSTRONG JR.**

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PETITIONER'S PENDING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. SECTION 2241 FOR THE SUBMISSION OF ADDITIONAL
DOCUMENTS FROM THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT GRANTING A STAY PENDING DECISION OF THE COURT.**

The Petitioner Kester Obomighie [Prose] respectfully requests that this Court accept this Supplemental memorandum in support of Petitioner's prose Petition for Habeas Corpus Petition. This Supplemental memorandum accompanies Petitioner's Habeas Corpus Petition filed on the docket on November 22nd 2012 and answers and returns filed on January 21, 2012, and This submission is to inform the court that the United States Court of Appeals for The fourth Circuit has granted a stay pending the decision of the Court, the Petitioner is respectfully request for immediate release on bond or supervision Pending the determination of his appeals in the court, see the Exhibits ["A "]. And Exhibit ["B"].

1

## LEGAL STANDARD

DHS/ICE'S failure to comply with their own regulations and failure to provide legally-required procedures violate petitioner's right to procedural due process. See: The Three Sections of Immigrations relating to the removal of aliens are applicable in 8 C.F.R. Section 241.4 , 8 C.F.R. Section 241.13 and 8 C.F.R. Section 241.14. The regulations were either amended or promulgated in the first instance as a result of Zadvydas.

It is to be noted that the Respondent actually failed to provide certain ["STATUTORY MANDATED PROCEDURES"] to the petitioner Obomighie See: 8 C.F.R. Section 241.4 DHS/ICE has authority to release any detainee if determines that this release will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such aliens removal from the United States. "8 U.S.C. Section 241.14 (d)(1) where as here, A detainee is Detained beyond the 90-Day removal-period. "The Deputy Executive Associate Commission for detention and removal, The Director of the Detention and Removal Field Office or the District Director may continue an alien in Custody beyond the removal period described in Section 241 (a)(1) of the act. [8 U.S.C. Section 1231 (a)] pursuant to the procedures described in this Section [8 C.F.R. Section 241.4] "8 C.F.R. Section 241.4 (a) .... After the 90-Day-Removal-Period elapses, and if the detainee has not been removed, within the next three (3) months, there must be a review and custody determination by the Executive Associate Commissioner ["EAS"] acting through the headquarters Post-Order Detention Unit ["HQPDU"]. See: 8 C.F.R. Section 241.4 (C)(2) ("For Any Alien The District Director refers for further review after the removal period, or any alien who has not been released or

2

removed by the expiration of the Three-Months-Period after the review, all further custody determinations will be made by the Executive Associate Commissioner acting through the ["HQPDU"]. This 180-Day review by the ["EAS"] must comply occur in accordance with the follow proceedures; Determinations by the Executive Associates Commissioner: "Determinations by the executive associates commissioner to release or retain custody of aliens shall be developed in accordance with the following procedures. "8 C.F.R. Section 241.4.

## ADDITIONAL CONCERNS THAT PETITIONER'S DUE PROCESS HAS BEEN VIOLATED.

The petitioner has received insufficient process to protect his Fifth Amendment Liberty Interest because if we have construe the statute as permitting indefinite detention, additional process would be required. Zadvydas, 533 U.S. AT 692.

The petitioner Obomighie was denied release and continue detention based on no more than a reading of his file that listed over Ten years old convictions of credit card fraud/assault in the second degree conviction as justification to confine him, However, due process is not satisfied by rubber-stamp denials based on temporally Distant offenses. The process due even to deportable and excludable aliens requires an opportunity for an evaluation of the individual's current threat to the community and his risk of flight. And it should also be noted that the DHS/ICE'S presume dangerousness to the community and risk of flight based solely on the petitioner's past record does not satisfy due process.

In the DHS/ICE decisions to continue detention dated December 15th 2011 DHS/ICE did not mention if Obomighie is a flight risk or danger to the society, it based its decision to continue detention on Obomighie over 19 Years old

3

conviction and this decisions to continue detention have neither been in accordance either with due process requirements as interpreted by Zadvydas v. Davis nor in compliance with DHS'S own regulations.

The DHS/ICE has violated and continued to violate the petitioner because the petitioner has being detained for almost ["28"] Months and DHS/ICE did not follow its own regulations "["A written notice shall be given to each alien at least ["30"] Days prior to the date of review, the notice shall specify the factors to be considered and explain that the alien will be provided the opportunity to demonstrate by clear and convincing evidence that he is not a threat to the community and is likely to comply with the removal order. See 8 C.F.R. Section 241.4. The alien must also be advised that he may be represented by an Attorney, or other person at no expense to the Government, if an interview has been scheduled, the alien's representative may attend the review at the scheduled time.

The Petitioner was not given this interview after ["28"] Months of detention.

### CONTINUED DHS/ICE'S FAILURE TO COMPLY WITH THEIR OWN REGULATIONS AND FAILURE TO PROVIDE LEGALLY-REQUIRE PROCEDURES VIOLATE PETITIONER'S RIGHTS TO PROCEDURAL DUE PROCESS

The petitioner claims that the ["CUSTODY REVIEW PERFORMED"] by DHS/ICE during the Habeas Litigation were [ "grossly defective"] in constitutional terms." Because due process clause prohibits arbitrary deprivations of liberty, A lawful permanent resident alien such as Obomighie could be entitled to an Individualized Determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified. Id. at 532.

The DHS does not consider the fact that the petitioner has case pending in the United States Court of Appeals for the Fourth Circuit which is a natural part of the

4

process. An alien who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him. Further, although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations for the amount of time that such determinations may take. The mere fact an alien has sought relief from deportation does not authorize the INS to drag its heels indefinitely in making a decision. The entire process, not merely the original deportation hearing is subject to the constitutional requirement of reasonability. Id. at 272; See: D'alessandro v. Mukasey 628 F. Supp. 2d 368, 2009 WL 799958, at 12 W.D.N.Y. 2009] Agreeing that "An alien should not be effectively punished for pursuing applicable legal remedies"] Aff'd 2009 WL 931164 [W.D.N.Y April 2 2009]. See Ly the Court of Appeals for the Sixth Circuit also considered the relationship between the alien's incarceration of the criminal charges rendering him removable and the period of time in which the alien detained during removal proceedings. Id. at 271 [Petitioner "Served Criminal Sentences for his two convictions of a total of 12 Months he spent considerably more time than in INS custody awaiting determinations of removal."]. Finally, The Court of Appeals was conscious of the fact, that Ly would not be removed upon conclusion of the proceedings because his Native Country did not have a repatriation treaty with the United States. Id. at 270.

The Petitioner Obomighie has spent more than ["28"] Months in Immigration Detention, which exceeds his Incarceration for the underlying criminal conviction for His credit card fraud/assault, Moreover, if Obomighie is successful on his appeal currently pending before the Court of Appeals for the fourth Circuit, i.e., it is determined that a conviction for assault in the Second degree does not constitute an

aggravated felony and also if Obomighie is successful on his motion to vacate his conviction in Special Court of Appeals Maryland. It should be noted that all these process will include additional detention because all these appeals process is lenghty, as such, the petitioner Obomighie claims that the custody reviews performed by DHS/ICE during the Habeas litigation were ["GROSSLY DEFECTIVE"] in Constitutional terms See D'alessandro's 2010 U.S. Dist lexis 31229 WDNY March 31 2010 This Court held that DHS'S conclusion that D'alessandro is a flight risk or danger to community is ["PATENTLY UNREASONABLE"] and recommend finding that DHS/ICE'S review of D'alessandro custody has been ["GROSSLY DEFECTIVE"] in constitutional terms and that its decisions to continue detention have neither been in accordance either with due process requirements as interpreted by Zadvydas v. Davis nor in compliance with DHS/ICE'S own regulations and this Court recommend that the petitioner be granted unconditionally, and D'alessandro released immediately pursuant to reasonable conditions of supervision and bond, as determined by DHS, subject to review and oversight by the district court. D'alessandro v. Mukasey, 628 F. Supp. at 406.

The Petitioner Obomighie argues that the Custody Reviews performed by DHS/ICE during the Habeas Litigation were ["GROSSLY DEFECTIVE"] in constitutional terms and detention after Six Months based on special danger requires the additional due process protections of 8 C.F.R. Section 241.14, none of which occured during the custody reviews. Id.

It should be noted that deportation to a Country of deportability would be at risk violated the substantive component of the fifth amendment due process clause because if deported the United States would knowingly expose Obomighie to a

substantial risk of death or serious bodily harm, it can readily be anticipated that long term lawful permanent residents are likely to pursue challenges to removal orders that result in lenghty proceedings. See Demore, 538 U.S. at 567-68 ["Souter J. Dissenting"] ["Lawful permanent residents "are the aliens most likely to press substantial challenges to removability requiring lenghty proceedings"] It would seem that the statutes of lawful permanent resident should warrant heightened scrutiny of a decision to detain such an alien while he or she pursues non-frivolous challenges to removal in Federal Court. Id. at 545-56 ["Souter J. Dissenting"].["The notions of fairness on which our legal system is founded" apply with full force to "aliens whose roots may have become, as they in the present case, deeply fixed in this land."].

See **THE DECISION TO CONTINUE DETENTION DATED December 15 2011**

"Neither the recommendation to continue detention by the DHS/ICE states any factual grounds or bases for the decision , but merely informing Obomighie that it has been determined that you will not be released from the custody of ICE because the DHS/ICE believes that if Obomighie is released he will pose a danger to society because of over 19 Years old convictions, and it took DHS/ICE over ["28"] Months to conduct this review, but DHS/ICE did not mention if is a flight risk or danger to society.

The DHS/ICE recommended continued detention without pointing to any evidence of a risk of flight or danger to the community, other than Obomighie Nineteen Years old conviction of Credit card fraud conviction "But Again cites no evidence to substantiate these assertions, but DHS/ICE continued to cite to the petitioner's now more than Nineteen Years old conviction as justification to confine

7

Obomighie.

However, the petitioner has not yet received the rigorous of his eligibility for release that due process requires, Moreover, the fact that the alien has a criminal history does not create a presumption in favor of continued detention.

If there will be a removal hearing, Obomighie would "Absolutely" appear for those proceedings and that he would comply with any other conditions of release including reporting requirements since the DHS/ICE had failed to produce anything like enough evidence to justify detaining the petitioner Obomighie, as such the petitioner must be released immediately.

Obomighie has been detained for over ["28"] Months and his deportation is unlikely for the reasonably foreseeable future. because the Nigerian Consulate has a policy that will not issue travel documents to any one that has a case pending in the Court.

The petitioner Obomighie deportation was "No longer practically attainable such that the petitioner detention did not serve its purpoted immigration purpose.

See Bonitto, The Court found that by failing to afford the required 180-Day review, DHS has failed to provide petitioner with the procedural safeguards contained in the regulation implementing the post-removal-order detention statute. DHS cannot constitutionally detain Bonitto without complying with these safeguards, regardless that Bonitto ["had"] not here meet his burden under Zadvydas," Id. at 758 thus, the Magistrate Judge recommended affording DHS a period of time within which to provide petitioner's meaningfull post-removal custody review as contemplated in 8 C.F.R. Section 241.4 and 241.13 and recommended that such process were not provided, petitioner released unless his removal has

been effectuated by that time," Id. See: D'alessandro, this Court held that, ["In addition to failing to provide D'alessandro with certain procedures guaranteed by the regulations, e.g. 180-Day review, DHS/ICE'S custody decisions contain ["GLARING DEFFICIENCES"] with regard to consideration of the required release factors.

Mr. Obomighie is not a violent person, "8 C.F.R. Section 241 (C)(2) but it is apparent that DHS/ICE has simply taken Obomighie over Nineteen Years old conviction and concluded that his detention should be continued. Where as here, detention becomes prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable." Oyedeji 332 F. Supp. 2d at 754 ["Quoting Ngo v. INS 192 F. 3d 390, 398 (3rd Cir. 1999) and citing Zadvydas, 533 U.S. at 690 ["stating that"] "Government detention violates the ["Due Process Clause"] unless the detention is ordered in a criminal proceedings with adequate procedural protections, or, in certain special and ["Narrow Non-Punitive Circumstances"] where a special justification, such as ["Harm-Threatening Mental Illness"], outweighs the ["Individual's Constitutionally protected interest in avoiding physical restraint"] In this  deportation and removal cases,  the stakes are high and .... Grudging and perfunctory review is not enough to satisfy the due process right to liberty .... "Id. Quoting Ngo 192 F. 3d at 398]. "The assessment of flight risk and danger to the community must be made on a current bases," Id. "Citing Ngo, 192 F. 3d 398, and to presume dangerousness to the community and risk of flight based on ["An Alien's"] past record does not satisfy due process,"id. Thus, the district court in Oyedeji held.

As was the case in Zadvydas, "The proceedings at issue here are civil, not criminal, and [This Court] assume[s] that they are nonpunitive in purpose and effect. "Id. In Zadvydas, Supreme Court proceeded from the assumption that, as here, the detention was not for punitive purposes.

Respondents do not, and cannot attempt to argue here that the instant matter is criminal or that the detention may before the purpose of continuing to exact punitive or retributive measures against Obomighie.

In considering the constitutionality of Obomighie's detention in this case it bears noting the Supreme Court's introductory comments from the seminal case of Zadvydas, 533 U.S. 678, 121 S.Ct. 2491, 150 L. Ed. 2d 653, regarding the limited tolerance our nation's Constitution has for civil detention.

> A statute permiting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amenddment's Due Process Clause forbids the Government to depriv[e] any "person .... of .... liberty .... without due process of law." Freedom from imprisonment-from government custody detention, or other forms of physical restraint lies at the heart of the liberty that Clause protects. See Foucha v. Louisiana, 504 U.S. 71, 80, 112 S. Ct. 1780, 1780, 118 L Ed. 2d 437 (1992). And this Court has said that v government detention violates that Clause unless the detention is ordered in a criminal proceeding with adequate procedural protections, See United States v Salermo, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed. 2d 697 (1987). or, in certain special and "narrow" nonpunitive circumstances, Foucha, [504 U.S.] at 80, 112 S.Ct 1780, 118 L. Ed. 2d 437, where a special justification such as harm-threatening mental illness, outweighs the individual' constitutionally protected interest in avoiding physical restraint." Kansas v. Hendricks, 521 U.S. 346, 356, 117 S.Ct. 2072, 138 L. Ed. 2d 501 (1987). Zadvydas, 533 U.S. at 690 ["Stating that "[t]here [wa]s no sufficiently strong special justification here for indefinite civil detention-at least as administered under th[e] statute"] [emphasis supplied].

In Zadvydas the rationales proffered by the Government for the civil detention, the Supreme Court found them not to be a "sufficiently strong special justification here for indefinite civil detention-at least as administered under this statute. 533 U.S. at 691. The first regulatory goal of INA Section 241 (a) is to "ensur[e] the appearance

10

of aliens at future immigration proceedings" and the second to "[prevent] danger to the community." Id. [Quotation to omitted]. However, the Supreme Court stated, "by definition the first justification-preventing flight is weak or non existent where removal seems a remote possibility at best. "Id. "[w]here detention's goal is no longer practically attainable, detention no longer bear[s][a] reasonable relation to the purpose for which the individual [was] committed. "Id.[quoting Jackson v. Indiana, 406 U.S. 715, 738, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972).

The decision to continue detention was based upon Obomighie's prior record, of more than Nineteen Years old conviction, there is no specific mention or even allusion to the release consideration setforth in 8 C.F.R. Section 241.4 (e) or the factors for consideration setforth in 8 C.F.R. Section 241.4 (f). There was nothing to reference to in the DHS/ICE decisions to continue detention apart from his credit card fraud/assault. Other than the credit card fraud/assault conviction, the DHS/ICE have pointed to no evidence that would support a determination that Obomighie is a danger to the community or such a flight risk that no conditions of supervision could assure his presence in the event that his appeals is unsuccessful. A consideration of the criteria for release listed in 8 C. F.R. Section 241.4 (e). As noted above the credit card fraud/assault asserted by DHS/ICE that forms the basis of decision to continue detention hardly pose a threat to the community. In terms of the factors for consideration of release setforth in Section 241.4 (f). Obomighie does not have any disciplinary infractions or incident reports while incarcerated or in DHS/ICE custody, Obomighie convictions are not for serious offenses, there is no evidence of any Mental problems or refusal to participate in work, educational of vocational programs while incarcerated. Obomighie has a United States daughter,

he has been in United States for more than [27] Years never went back to his Country because of the religious persecutions and there is no history of escapes. In short only a criminal record that is now more than Nineteen Years old supports a decision to continue detention. "Due process is not satisfied .... by rubber stamp denials based on temporally distant offenses. Ngo, 192 F. 3d at 398. Thus, However, The DHS/ICE does not have a factual basis or explanation for the decision to continue detention amount, in Obomighie's case, to "a perfunctory and superficial pretense instead of a meaningful review sufficient to comport with due process standards. Bonitto 547 F. Supp. 2d at 758.

It should be noted that Mr. Obomighie would not violate the conditions of release 8 C.F.R. Section 241.4 (e)(5). In addition, as a practical matter, Obomighie has nothing to gain by violating the conditions of his release because he has two avenues of legal recourse open to him which might allow him to stay in the United States, The United States Court of Appeals for the Fourth Circuit case is pending and Special Court of Appeals of Maryland case is also pending.
Thus, should this conviction is vacated, the deportation order will be nullified. In addition, Mr. Obomighie has favorable factors, including ties to United States such as his United States Citizen daughter.
There is no "likelihood that Mr. Obomighie is a significant flight risk or may abscond to avoid removal and furthermore, Obomighie is not likely to engage in future criminal activity, or pose danger to the safety of himself or to other persons or property,
besides, the Nigeria Consulate will not issue travel document to its citizen that has a case pending in the Court.

## RESPONDENT'S CONTINUED DETENTION OF OBOMIGHIE IS IN VIOLATION OF ZADVYDAS v. DAVIS 533 U.S. 678, 121 S. Ct. 2491, 250 L. Ed. 2d 653 (2001).

It should be noted that due process principles continue to apply to Obomighie even though he is an alien under a final order of deportation from United States. Obomighie was lawfully admitted on a B-2 visa on September 21 1985 and on or about June 13th 1991, Obomighie status was adjusted to that of lawful permanent resident. See Zadvydas, 533 U.S. at 693-94 ["Due Process Clause"] applies to all persons within the United States, including alien's, whether their presence here is lawful, unlawfull, temporary, or permanent"]["Citing Plyler v. Doe 457 U.S. 202, 210, 102 S. Ct. 2382, 72 L.Ed. 2d 786 (1982) Mathews v. Diaz 426 U.S. 67, 77, 96 S.Ct. 1883, 48 L. Ed 2d 478 (1976); Kwong Hai Chew v. Colding, 344 U.S. 590, 596-598, 73 S. Ct. 472, 97 L. Ed. 576 and n. 5 (1953); Yick Wo v. Hopkins, 118 U.S. 356, 369, S. Ct. 1064, 30 L. Ed. 220 (1886); Shaughnessy v. United States Ex Rel. Mezei, 345 U.S. 206, 212 73 S.Ct 625, 97 L. Ed. 956 (1993)["Aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"]. Wong Wing v. United States, 163 U.S. 228, 238, 16 S.Ct. 977, 41 L. Ed 140 (1896) Due Process Clause Protects an Alien subject to a final order of deportation, though the nature of that protection may vary depending upon status any circumstances]; Landon v. Plansencia 459 U.S 21, 32-34, 103 S. Ct. 321, 74 L. Ed 2d 21 (1982); Johnson v. Eisentragler 339 U.S. 763 770, 70 S, Ct. 936, 94 L/ Ed. 1255 (1950).

See: Bonitto 547 F. Supp. 2d at 758 perfunctory and superficial pretense instead of a meaningful review sufficient to comport with due process standards. Thus,

Obomighie respectfully requests from this Court to recognize and hold the case of D'alessandro v. Mukasey 628 F. Supp. 2d 368 (WDNY 2009), The case of Errol Barrington Scarlett v. USDHS 632 F. Supp. 2d 214 (WDNY 2009) applies with equal force to claims of Obomighie that the DHS/ICE violation of the fifth amendment right to due process and order a constitutionally-adequate hearing where Government must demonstrate that petitioner continue detention is justified.

Also it is to be noted that the Petitioner Obomighie deportation was no longer practically attainable such that the petitioner detention did not serve its purpoted immigration purpose and that Obomighie deportation from United States was never a possibility during this process, Nigeria Consulate will not issue a travel documents To its citizen while their case is pending in the court, thus the petitioner respectfully Requests the court to grant its request.

## CONCLUSION

For the foregoing reasons, Petitioner request that the Court Grant a preliminary injunction against the Government's on going violation of the INA and due process clause and order that the petitioner be afforded an individual bond immediately upon the respondent receipt of this petition where the Government bears the burden of demonstrating that the continue detention is still justified.

Dated January 25th 2012.

                                            Respectfully Submitted

                                            Kester Obomighie
                                            Etowah County Detention Facility
                                            827 Forrest Avenue
                                            Gadsden, AL. 35901.

## CERTIFICATE OF SERVICE

I certify that on January 25th 2012 caused a copy of the foregoing supplemental memorandum to petitioner's pending Habeas Corpus petition pursuant to 28 U.S.C. Section 2241 to be served on Counsel listed below:

        UNITED STATES ATTORNEY'S OFFICE
        NORTHERN DISTRICT OF ALABAMA
        1801 Fourth Av. North
        Birmingham AL. 35203

        Respectfully Submitted

        *Kester Obomighie*
        Kester Obomighie
        Etowah County Detention Facility
        827 Forrest Av.
        Gadsden, AL. 35901

Sworn to before me this
25th Day of January 2012

*M Ladol Lankford*
NOTARY PUBLIC.

MY COMMISSION EXPIRES APRIL 27, 2014

16

EXHIBIT A

**11-1882**

Kester Igemhokhai Obomighie
ETOWAH COUNTY DETENTION CENTER
827 Forrest Avenue
Gadsden, AL 35901-3610

FILED: January 17, 2012

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1882
(A029-697-189)

KESTER IGEMHOKHAI OBOMIGHIE

Petitioner

v.

ERIC H. HOLDER, JR., Attorney General

Respondent

STAY OF MANDATE UNDER
FED. R. APP. P. 41(d)(1)

This court's mandate is stayed under Fed. R. App. P. 41(d)(1), which provides that "[t]he timely filing of a petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, stays the mandate until disposition of the petition or motion."

/s/Patricia S. Connor, Clerk

EXHIBIT B

12-1071

Kester Igemhokhai Obomighie
ETOWAH COUNTY DETENTION CENTER
827 Forrest Avenue
Gadsden, AL 35901-3610

FILED: January 19, 2012

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 12-1071
(A029-697-189)

KESTER IGEMHOKHAI OBOMIGHIE,

   Petitioner,

v.

ERIC H. HOLDER, JR.,

   Respondent.

### O R D E R

Upon consideration of the motion to stay deportation, the court grants the motion pending further orders of the court.

Entered at the direction of Judge Motz with the concurrence of Judge King and Judge Diaz.

   For the Court

   /s/ Patricia S. Connor, Clerk